CV 17-5003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES CROSBY and ELISHA WATKINS,     )     COMPLAINT
                                      )
            Plaintiffs,         )
                                        )     JURY TRIAL DEMANDED
   -against-            )
                                      )
THE CITY OF NEW YORK, NEW YORK CITY   )
POLICE DEPARTMENT, PO MARY MAPELLI,  )
PO MORDECAI AUSTRIE, PO DEREK RUSS,  )
PO DAVID GREEN, POs JOHN DOE 1, 2, & 3,  )
                                      )
            Defendants.    )
----------------------------------------------------------------X

BROOKLYN OFFICE

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2017 ★

Preliminary Statement

1.     This is a civil rights action in which the Plaintiffs seek relief for the

defendants' violation of his and her rights secured by the Civil

Rights Act of 1871, 42 U.S.C. Section 1983, by the United States

Constitution, including its Fourth and Fourteenth Amendments,

Equal Protection and Due Process Clauses of the Fourteenth

Amendment of the United States Constitution and by the laws and

Constitution of the State of New York.  The Plaintiffs seek

damages, both compensatory and punitive, affirmative and

equitable relief, an award of costs and attorneys' fees, and such

other and further relief as this court deems equitable and just.

JURISDICTION

2.     This action is brought pursuant to the Constitution of the United

States, including its Fourth and Fourteenth Amendments, and

pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and

1

1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. The Plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## NOTICE OF CLAIM

5. Within ninety days of the events giving rise to these claims, Plaintiffs filed a Notice of Claim with the New York City Office of the Comptroller. Over thirty days have elapsed since the filing of the Notices, and this matter has not been settled or otherwise disposed of.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff JAMES CROSBY is a resident of the City and State of New York.

2

8.    Plaintiff ELISHA WATKINS is a resident of the City and State of New York.

9.    Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible as its employer.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10.   Defendants, Police Officer Mary Mapelli, shield number 5599, Police Officer Mordecai Austrie, shield number 18677, PO Derek Russ, shield number 4555, PO David Green, shield number 21243, and POs John Doe 1, 2 & 3 are and were at all times relevant herein duly appointed and acting law enforcement officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK.  The aforementioned defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant

3

THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

11.   On July 11, 2016, at approximately 12:00pm Plaintiffs James Crosby and Elisha Watkins while inside their home at 2271 Pitkin Avenue, were both arrested and charged with assaulting other individuals.

12.   Approximately six NYPD officers including Defendant PO Mordecai Austrie entered and searched the home of Plaintiffs.  The personal vehicle of Plaintiff Crosby was also searched by Defendants.

13.   During the course of their search Defendants caused major damage to the home and its contents.

14.   On July 12, 2016 at approximately 11:40am, Defendants claimed to have found a loaded pistol inside the home.  Plaintiffs were arrested again and charged with felony weapons possession.

15.   While at the precinct for over two days, Plaintiffs were barely fed and had to beg for water to drink.

16.   On July 13, 2016 Plaintiffs were arraigned in Criminal Court, Kings County on separate dockets.  The Court set bail on both Plaintiffs.

17.   On July 18, 2016, the Office of the District Attorney, Kings County, in open Court moved to dismiss the felony weapons possession cases against Plaintiffs, stating on the record that the Defendants did not have probable cause to search the Plaintiffs' home.  The People's motion was granted.  Plaintiffs were then released from custody.

18.   During the course of their search of Plaintiffs' home, Defendants damaged and broke valuables inside the home and left it in complete disarray.

19.   Prior to their release Plaintiffs had been held by Defendants and incarcerated due to their arrest for approximately eight days before being released.

FIRST CLAIM

20.   The Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

21.   By their conduct and actions in falsely arresting, maliciously prosecuting Plaintiffs, Defendants, Police Officer Mary Mapelli, Police Officer Mordecai Austrie, PO Derek Russ, PO David Green, and POs John Doe 1, 2 & 3, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C.

§1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

22.    As a result of the foregoing, Plaintiffs were deprived of their liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

SECOND CLAIM

LIABILITY OF THE CITY OF NEW YORK

FOR CONSTITUTIONAL VIOLATIONS

23.    The Plaintiffs incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24.    At all times material to this complaint, the Defendant THE CITY OF NEW YORK had de facto policies, practices customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

25.    At all times material to this complaint, Defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline Defendants Police Officer Mary Mapelli, Police Officer Mordecai Austrie, PO Derek Russ, PO David Green and POs John Doe 1, 2 & 3.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Plaintiffs'

6

constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

26.    As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>THIRD CLAIM</u>

FALSE ARREST and FALSE IMPRISONMENT

27.    The Plaintiffs incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28.    By the actions described above, Defendants falsely arrested and imprisoned Plaintiffs, or caused them to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

29.    As a result of the foregoing, Plaintiffs was deprived of their liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>FOURTH CLAIM</u>

NEGLIGENCE

30.     The Plaintiffs incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31.     Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to Plaintiffs. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

32.     As a result of the foregoing, Plaintiffs were deprived of their liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

FIFTH CLAIM

MALICIOUS PROSECUTION

33.     The Plaintiffs incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34.     By the actions described above, Defendants maliciously prosecuted Plaintiffs without any right to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35.  As a result of the foregoing, Plaintiffs was deprived of his liberty, suffered pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT & BATTERY

36.  The Plaintiffs incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.  When Plaintiff Elisha Watkins was taken into custody by POs John Doe 1, 2 & 3, Plaintiff Watkins was violently struck in the back and knocked to the ground, handcuffed, then dragged on the ground to a police car and placed in the back of a police car.

38.  The Defendants POs John Doe 1, 2 & 3, acting within the scope of their employment, intentionally, willfully and maliciously assaulted and battered Plaintiff Elisha Watkins.  By their actions they caused her physical injuries and bodily harm and placed her in fear of further unlawful contact and harm.

39.  Defendant City of New York, and its officers, agents, servants, and employees were responsible for the assault on Plaintiff Watkins. Defendant City of New York, as employer of POs John Doe 1, 2 & 3, is responsible for their wrongdoing under the doctrine of respondeat superior.

40.   By the actions described above, Defendants maliciously, without cause or reason committed an assault and battery on Plaintiff Watkins and caused her physical injuries.

## SEVENTH CLAIM

42 USC 1983 – Fourth Amendment Violation for EXCESSIVE FORCE

41.   The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.   POs John Doe 1, 2 & 3, intentionally and willfully struck Plaintiff Watkins to body causing her to be thrown to the ground then dragged her on the ground prior to placing her in a police car.

43.   By using excessive force and assaulting Plaintiff, and failing to prevent other officers from doing so, POs John Doe 1, 2 & 3 and the Named Police Officers deprived Plaintiff of her rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 USC 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

44.   Named Defendants and POs John Doe 1, 2 & 3 acted under pretense and color of state law and in their individual capacities and within the scope of their respective employments as NYPD officers. Said acts by Named Police Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the Defendants acted willfully, knowingly, and with the specific

intent to deprive Plaintiff of her constitutional rights secured by 42 USC 1983, and by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

45.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained damages hereinbefore alleged, entitling Plaintiffs to an award of monetary damages and other relief.

46.   Defendants Police Officers exhibited reckless and/or callous indifference to Plaintiffs' federally protected rights, including Plaintiffs' constitutional right to be free from excessive force, entitling Plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs demand the following relief jointly and severally against all of the Defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Pre- and post-judgment costs, interest and attorney's fees;

e.   Such other and further relief as this Court may deem appropriate and equitable.

11

Dated:          August 24, 2017
                New York, New York


                                    Morris Shamuil, Esq.
                                    (MS-8604)
                                    132 Nassau Street
                                    Suite 1401
                                    New York, New York 10038